E-FILED
Tuesday, 07 November, 2017  09:09:25 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL WILLIAM KIRCHNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 17-CV-4061 |
| LT. WOLFE, et al., | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in the East Moline Correctional Center.  He alleges that on February 11, 2017, he experienced a seizure or some other kind of physical or mental emergency, but Defendants did not take Plaintiff's conditions seriously, instead laughing at him, throwing him in a van, and not providing any medical or mental health treatment.  The Court construed the allegations as stating a plausible Eighth Amendment claim for excessive force and deliberate indifference to Plaintiff's serious medical needs.

Discovery has been stayed pending a ruling on Defendants motion for summary judgment for failure to exhaust administrative remedies. 42 U.S.C. § 1997(e)(a) requires inmates to exhaust all available prison grievance procedures *before* filing a lawsuit. An inmate is not permitted to file a lawsuit and complete the grievance process while a lawsuit is pending. Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004)(a prisoner cannot file first and exhaust grievance procedure later). If an inmate files a lawsuit before exhausting the entire prison grievance procedure, then the lawsuit must be dismissed without prejudice. Ford, 362 F.3d at 398 (affirming dismissal of inmate's lawsuit where inmate had filed lawsuit two days before inmate received final decision from the Administrative Review Board). The purpose of this requirement is to give the prison notice and an opportunity correct the problem before the problem becomes a lawsuit. *See* Smith v. Zachary, 255 F.3d 446, 450 (7th Cir. 2001)(The purpose of the exhaustion requirement is to provide the prison system with notice and an "opportunity to address the situation internally, . . . ."). Allowing an inmate to file first and exhaust later would eviscerate the exhaustion requirement.

The Court explained this to Plaintiff shortly after Plaintiff filed his complaint on February 21, 2017, giving Plaintiff an opportunity to voluntarily dismiss his action:

> 2/24/17 text Order: Plaintiff appears to admit in his complaint that he has not completed the grievance procedures available to him regarding the alleged incident which occurred on February 11, 2017. Prisoners are required to finish exhausting available administrative remedies before filing a lawsuit. For grievances not marked as emergencies, the requirement generally means filing a grievance, waiting for a response from the grievance officer and the Warden (which may take up to 60 days), and then appealing the grievance to the Administrative Review Board and waiting for another response. See Jackson v. Shepard, 552 Fed.Appx. 591 (7th Cir. 2014)(not published in Federal Reporter)(affirming dismissal where prisoner did not wait 60 days after filing grievance before filing lawsuit). Plaintiff may move to voluntarily dismiss this lawsuit by March 6, 2017, if he was unaware of the exhaustion requirement and has not yet exhausted his administrative remedies. If Plaintiff files a motion to voluntarily dismiss, then this case will be dismissed without prejudice to refiling after Plaintiff exhausts his administrative remedies, and the order collecting the filing fee will be vacated.

Plaintiff chose to continue with this lawsuit, even though he had stated in his complaint that he was waiting for a response to his grievance. (Compl. p. 4)(checking "yes" for exhaustion but stating "no response given yet until the grievance board determines a response.").

Defendants have now moved for summary judgment, offering evidence that Plaintiff's only grievance filed before he filed this lawsuit was filed on February 12, 2017, nine days before he filed his lawsuit. The grievance officer responded on February 28, 2017, after Plaintiff filed this lawsuit, finding the grievance moot because Plaintiff was receiving relief based on a grievance he had filed on February 24, 2017. (d/e 30-2, p. 5.)

Plaintiff does not dispute that he filed this lawsuit before receiving a response to his February 12 grievance. He seems to argue that the many grievances he filed after bringing this lawsuit suffice to exhaust his administrative remedies. As discussed above, the exhaustion requirement means that the grievance procedure must be completed before filing a lawsuit. Regardless whether Plaintiff has now exhausted his administrative remedies, he did not exhaust them before bringing this lawsuit. Accordingly, this case must be dismissed for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED:**

1) Defendants' motion for summary judgment on the exhaustion of administrative remedies is granted. (d/e 29.)

2) This case is dismissed, without prejudice, for Plaintiff's failure to exhaust his administrative remedies before filing this case.

3) All other pending motions are denied as moot. (d/e's 19, 21, 25, 27, 28, 34, 35, 37, 38, 40, 41, 43, 45, 48, 52, 53, 54, 55, 57, 58, 60, 61, 62, 65.)

4) The clerk is directed to close this case.

ENTERED: 11/07/2017

FOR THE COURT:

<u>**s/Sue E. Myerscough**</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE